UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TYRONE SHANNON, | No. 2:20-cv-02192-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| CHERYL INNISS-BURTON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court are defendant's motion to declare plaintiff a vexatious litigant and plaintiff's motion to compel. Both motions have been fully briefed by the parties. For the reasons outlined below, the court denies plaintiff's motion to compel as untimely filed and recommends denying defendant's motion to declare plaintiff a vexatious litigant.

**I.   Factual and Procedural History**

Plaintiff is a legally blind inmate at the California Medical Facility. This case is proceeding on plaintiff's first amended complaint alleging an Eighth Amendment deliberate indifference claim as well as an ADA violation against defendant Inniss-Burton for confiscating plaintiff's physician-prescribed personal magnifying device. See ECF No. 16 (screening order).

1

1   **II.     Plaintiff's Motion to Compel**

2   On January 18, 2023, plaintiff filed a motion to compel defendant to respond to his

3   request for admissions that were served on August 19, 2022.[1]  ECF No. 37.  Attached to the two

4   page motion is a copy of plaintiff's discovery request.

5   Defendant filed an opposition to the motion to compel indicating that plaintiff's request

6   for admissions was untimely because it was served over two months after the June 20, 2022

7   deadline for written discovery requests.  ECF No. 38; see also ECF No. 25 (Discovery and

8   Scheduling Order).  Defendant also points out that the motion to compel is itself untimely as it

9   was filed over 5 months after the discovery cut-off date of August 19, 2022.  Id.  To the extent

10  that plaintiff seeks to reopen discovery and modify the court's Discovery and Scheduling Order,

11  defendant submits that there is no good cause or excusable neglect demonstrated by plaintiff to do

12  so.

13  **III.    Defendant's Motion for an Order Declaring Plaintiff a Vexatious Litigant**

14  Prior to the expiration of the dispositive motions deadline in this case, defendant filed a

15  motion to declare plaintiff a vexatious litigant.  ECF No. 29.  Defendant submits that since

16  plaintiff has initiated seven unsuccessful lawsuits in state and federal courts over the last seven

17  years, he should be declared a vexatious litigant pursuant to Local Rule 151(b).  ECF No. 29-1.

18  In a separately filed request pursuant to Rule 201 of the Federal Rules of Evidence, defendant

19  asks the court to take judicial notice of court records from these seven prior cases.[2]  ECF No. 30.

20  Defendant further contends that plaintiff has no reasonable likelihood of succeeding on the merits

21  of his Eighth Amendment and ADA claims, warranting security in the amount of $16,000 in order

22  to continue this case.  ECF No. 29-1.

23  Plaintiff filed an opposition to the motion asserting that it "does not fit the mood of the

---

[1] The filing date was calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

[2] The court grants defendant's request for judicial notice of the court records in both federal and state court.  See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) (stating that "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]") (internal quotation and citation omitted).

vexatious litigant statue [sic] or fit the square pegs thereof." ECF No. 40 at 2. Plaintiff indicates that declaring him a vexatious litigant would violate his First Amendment right of access to the courts. ECF No. 40. In addition to his opposition, plaintiff submitted his recent medical records, although he does not describe why they are relevant to the pending motion. ECF No. 40 at 3-75; ECF No. 42.

In the reply brief, defendant highlights plaintiff's lack of opposition to any of the facts or legal arguments presented in the motion to declare plaintiff a vexatious litigant. ECF No. 43.

### IV. Legal Standards

Local Rule 151(b) of the Eastern District of California, provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a *procedural* Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Id. (emphasis added). This Local Rule adopts Section 391.1 of the California Civil Procedure Code which provides that a "motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant." As a matter of state law, a vexatious litigant is defined, *inter alia*, as a person who, "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been … finally determined adversely to the person.…" Cal. Civ. Proc. Code § 391(b)(1).

Because Local Rule 151(b) is merely a procedural rule, federal law still controls the substantive definition of a vexatious litigant for determining when security, or any other sanction, can be imposed. See e.g., Williams v. Marsh, Case No. 1:19-cv-00309-NONE-SKO, 2020 WL 4735191, at *1 (E.D. Cal. Aug. 14, 2020) (collecting cases and emphasizing that "Local Rule 151(b) does not change the general rule that this court 'looks to federal law for the definition of vexatiousness.…'"); Smith v. Officer Sergeant, Case No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016); Goolsby v. Gonzales, No. 1:11-cv-00394-LJO-GSA-

3

PC, 2014 WL 2330108, at *1 (E.D. Cal. May 29, 2014), report and recommendation adopted by 2014 WL 3529998 (E.D. Cal. July 15, 2014).  Federal courts are vested with the authority to control abusive filings by litigants through the All Writs Act codified at 28 U.S.C. § 1651(a). While state law focuses on the number of lawsuits in the preceding seven year period that resulted in adverse determinations for determining vexatiousness, federal law focuses on the number of suits that were found to be frivolous or harassing in nature.  See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). "To make such a finding, the district court needs to look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." De Long, 912 F.2d at 1148 (citations and internal quotation marks omitted).

V. Analysis

A. Plaintiff's Motion to Compel

Plaintiff does not explain why he waited until after discovery had closed and the motion to compel deadline had passed before even serving the request for admissions on defendant, much less filing the present motion to compel.  According to the Discovery and Scheduling Order issued in this case, all written discovery requests had to be served by June 20, 2022 and any motions to compel had to be filed by August 19, 2022.  See ECF No. 25.  Even using the extended motion to compel deadline of October 3, 2022, plaintiff's motion was still untimely filed.[3]  See ECF No. 28 (modifying discovery and scheduling order but noting that written discovery remained closed).  Plaintiff waited until January 18, 2023 to file the motion to compel. As plaintiff fails to provide any explanation for the delay, the court has no basis upon which to grant plaintiff's motion to compel.  See Fed. R. Civ. P. 6(b)(1)(B) (untimely motion must demonstrate excusable neglect).  Accordingly, the motion to compel is denied as untimely.

B. Defendant's Motion to Declare Plaintiff a Vexatious Litigant

Defendant argues that plaintiff should be declared a vexatious litigant under Local Rule 151(b) and be required to post security of $16,000 in order to proceed with this action.  ECF No. 29.  In support of this request, defendant relies on seven unsuccessful federal and state lawsuits

---

[3] The motion to compel deadline was extended for the limited purpose of obtaining plaintiff's deposition.

4

and appeals that plaintiff commenced over the past seven years.  ECF No. 29-1 at 16-17.  However, defendant does not address how these cases meet the federal standard for vexatiousness.  Simply because plaintiff's lawsuits were dismissed does not necessarily mean that they were frivolous or harassing in nature as required by federal law.  To demonstrate this point, the court notes that plaintiff's amended complaint in Shannon v. Ikegbu, et al., No. 2:18-cv-0161-WBS-EFB-P (E.D. Cal.), was found to contain cognizable claims for relief.  See Shannon v. Ikegbu, et al., No. 2:18-cv-0161-WBS-EFB-P (E.D. Cal. Feb. 12, 2020), at ECF No. 19 (stating that "[t]hese allegations are sufficient to state a cognizable First Amendment retaliation claim and an Eighth Amendment deliberate indifference to medical needs claim against Ikegbu.").  This civil action was ultimately dismissed after plaintiff failed to notify the court whether he wanted to proceed on the claims found cognizable in the screening order or whether he wanted to further amend his complaint.  ECF No. 30 at 10-11 (Findings and Recommendations).  Because the underlying complaint contained cognizable claims for relief, it cannot be said that this case was frivolous or harassing in nature as required by federal law to support a vexatiousness finding.

Another case relied upon by defendant was dismissed on appeal because plaintiff could not pay the estimated costs of preparing the record on appeal.  See Shannon v. Victim Compensation and Government Claims Board, California Court of Appeal Third Appellate District No. C083937 (Cal. Ct. App. April 21, 2017); see also ECF No. 30 at 35 (order of dismissal).  Defendant does not cite to any case law holding that a dismissal based on an inability to pay for transcripts constitutes a frivolous or harassing legal action.  Therefore, the undersigned concludes that this case cannot be counted in determining whether plaintiff meets the federal standard for a vexatious litigant.

As the remaining five cases determined adversely to plaintiff are the bare minimum required as a matter of state law, the undersigned finds that it is not sufficient to meet the more demanding standard under federal law to be declared a vexatious litigant.  See Cal. Civ. Proc. Code § 391(b)(1) (requiring "at least five" civil litigations that were determined adversely to plaintiff before a party may be declared a vexatious litigant); see also Goolsby v. Gonzales, No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *2 (E.D. Cal. May 29, 2014) (emphasizing

that "[t]he focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided."), report and recommendation adopted by 2014 WL 3529998 (E.D. Cal. July 15, 2014).  For all these reasons, the undersigned recommends denying defendant's motion to deem plaintiff a vexatious litigant, rendering the request for plaintiff to provide $16,000 in security a moot point.[4]

###### VI. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is denying your motion to compel because it was not timely filed.  The undersigned recommends denying defendant's motion to declare you a vexatious litigant and require you to post security in order to proceed with this action.

If you disagree with this order or recommendation, you have 14 days to explain why it is the wrong result.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review any objections filed and make the final decision in your case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 37) is denied as untimely filed.
2. Defendant's request for judicial notice of court records (ECF No. 30) is granted.
3. The Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Defendant's motion for an order declaring plaintiff a vexatious litigant (ECF No. 29) be denied.
2. The stay of this action entered on January 3, 2023 be lifted.
3. The dispositive motions deadline be reset.

These findings and recommendations are submitted to the United States District Judge

---

[4] In light of this conclusion, the court finds it unnecessary to decide whether there is a reasonable probability that plaintiff will succeed on the merits as required by Section 391.1 of the California Code of Civil Procedure.

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 11, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/shan2192.vexlit+m2compel