1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL TYRONE SHANNON,                No.  2:20-cv-02192-WBS-CKD

12           Plaintiff,

13        v.                                ORDER AND

14   CHERYL INNISS-BURTON,                  FINDINGS AND RECOMMENDATIONS

15           Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's first amended

19   complaint against defendant Inniss-Burton on an Eighth Amendment deliberate indifference

20   claim as well as an ADA violation.  See ECF No. 16 (screening order).

21        Currently pending before the court is defendant's motion for summary judgment which

22   has been fully briefed by the parties.  See ECF Nos. 50, 57-58.  Also pending is plaintiff's motion

23   for the appointment of counsel.  ECF No. 59.  The court addresses each motion in turn.

24        **I.      Plaintiff's Allegations in First Amended Complaint**

25        At all times relevant to the allegations in the amended complaint, plaintiff was a legally

26   blind inmate at the California Medical Facility ("CMF").  ECF No. 15 at 2.  On September 20,

27   2019, defendant Inniss-Burton confiscated a magnifying device that had been prescribed for

28   plaintiff by a physician as part of his durable medical equipment ("DME").  ECF No. 15 at 2.

1

1   This prevented plaintiff from participating in activities at the prison because he could not see

2   without the magnifying device.  ECF No. 15 at 3.  Defendant intentionally confiscated the

3   magnifying device in order to prevent plaintiff from assisting other inmates with their legal work

4   and to prevent plaintiff from participating in programs which required sight.  Id. at 3.  Plaintiff

5   suffered injuries as a result of defendant's conduct including blurred and distorted vision,

6   soreness and pain in both eyes, drainage from his teary eyes, complications to his Glaucoma,

7   headaches, as well as pain.  Id. at 3.

8   **II.     Defendant's Motion for Summary Judgment**

9   Defendant Inniss-Burton moves for summary judgment because the undisputed material

10  facts demonstrate that she did not disregard any risk of serious harm to plaintiff by confiscating

11  his 7x magnifying device.  ECF No. 50.  "To the extent plaintiff believes that he should have been

12  prescribed a 7x magnifier instead of a 5x magnifier, a difference of opinion between an inmate

13  and a medical professional over an appropriate course of treatment falls below the standard of

14  deliberate indifference."  ECF No. 50-1 at 8.  As the undisputed material facts demonstrate that

15  plaintiff possessed the 5x magnifier at the time that defendant confiscated his 7x magnifier, no

16  rational trier of fact could conclude that defendant was deliberately indifferent to his serious

17  medical needs.

18  With respect to the ADA claim, defendant points out that plaintiff cannot pursue relief

19  from defendant in her personal capacity as a matter of law.  If plaintiff is suing defendant for

20  violating the ADA in her official capacity, the claim still fails because plaintiff was not excluded

21  from the benefits of any CDCR program, service, or activity.  ECF No. 50-1 at 11.  "To the extent

22  [p]laintiff alleges that confiscation of his 7x magnifier denied [p]laintiff the ability to assist other

23  inmates with their legal work, assisting other inmates with legal work is not a CDCR program,

24  service, or activity facilitated or offered for the benefit of any prisoner, whether they are disabled

25  or not."  ECF No. 50-1 at 12.  Plaintiff also concedes that defendant's actions did not violate any

26  CDCR policy or custom.  ECF No. 50-1 at 11.  Additionally, defendant submits that she is

27  entitled to qualified immunity because she acted reasonably.  ECF No. 50-1 at 13-14.

28  In his opposition, plaintiff contends that defendant confiscated his magnifying device that

1  was prescribed by a doctor, but he does not cite to any evidence in the record to that effect.  ECF

2  No. 57 at 1.  Plaintiff also argues that he is not a vexatious litigant as a matter of federal law,

3  which is not an issue presently before the court.[1]  ECF No. 57 at 2-3.

4       By way of reply, defendant points out that plaintiff offered no evidentiary support for his

5  argument and his own medical records demonstrate that he was never prescribed a 7x magnifying

6  device for his vision impairment.  ECF No. 58 at 2.  Since plaintiff's argument is "blatantly

7  contradicted by the record, so that no reasonable jury could believe it," the court should grant

8  defendant summary judgment.  ECF No. 58 at 2 (citing <u>Scott v. Harris</u>, 550 U.S. 372, 380

9  (2007)).  Furthermore, the undisputed material facts demonstrate that defendant confiscated

10  plaintiff's 7x magnifier in accordance with CDCR policy as contraband because it was broken.

11  ECF No. 58 at 3.  There is no genuine issue of material dispute with respect to plaintiff's ADA

12  claim.  Defendant Inniss-Burton should therefore be granted summary judgment.  Furthermore,

13  plaintiff did not respond to defendant's qualified immunity defense and has therefore waived any

14  opposition to it, according to defendant.  ECF No. 58 at 4.

15      **III.    Legal Standards**

16      **A.  Summary Judgment Standards**

17      Summary judgment is appropriate when it is demonstrated that there "is no genuine

18  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

19  Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by

20  "citing to particular parts of materials in the record, including depositions, documents,

21  electronically stored information, affidavits or declarations, stipulations (including those made for

22  purposes of the motion only), admissions, interrogatory answers, or other materials…."  Fed. R.

23  Civ. P. 56(c)(1)(A).

24      Summary judgment should be entered, after adequate time for discovery and upon motion,

25  against a party who fails to make a showing sufficient to establish the existence of an element

26  essential to that party's case, and on which that party will bear the burden of proof at trial.  <u>See</u>

27

28  [1] On August 24, 2023, the court denied defendant's motion to declare plaintiff a vexatious litigant.  ECF No. 45.

1    Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an

2    essential element of the nonmoving party's case necessarily renders all other facts immaterial."

3    Id.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party

4    to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec.

5    Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

6    existence of this factual dispute, the opposing party may not rely upon the allegations or denials

7    of their pleadings but is required to tender evidence of specific facts in the form of affidavits,

8    and/or admissible discovery material, in support of its contention that the dispute exists or show

9    that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed.

10   R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the

11   fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

12   governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

13   Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

14   genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

15   party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  In the

16   endeavor to establish the existence of a factual dispute, the opposing party need not establish a

17   material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be

18   shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."

19   T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the

20   pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

21   Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

22   amendments).

23          In resolving the summary judgment motion, the evidence of the opposing party is to be

24   believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the

25   facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475

26   U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

27   obligation to produce a factual predicate from which the inference may be drawn.  See Richards

28   v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

1    (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than

2    simply show that there is some metaphysical doubt as to the material facts....  Where the record

3    taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

4    'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

5             **B.  Eighth Amendment Deliberate Indifference Standard**

6             Denial or delay of medical care for a prisoner's serious medical needs may constitute a

7    violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

8    97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

9    deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

10   1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

11   Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

12            In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

13   F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

14   grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

15   plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

16   condition could result in further significant injury or the 'unnecessary and wanton infliction of

17   pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

18   existence of an injury that a reasonable doctor or patient would find important and worthy of

19   comment or treatment; the presence of a medical condition that significantly affects an

20   individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

21   at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

22            Second, the plaintiff must show the defendant's response to the need was deliberately

23   indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

24   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

25   indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

26   which the inference could be drawn that a substantial risk of serious harm exists," but that person

27   "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

28   approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

5

1    showing of merely negligent medical care is not enough to establish a constitutional violation.

2    Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

3          A difference of opinion about the proper course of treatment is not deliberate indifference,

4    nor does a dispute between a prisoner and prison officials over the necessity for or extent of

5    medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d

6    1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore,

7    mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate

8    medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

9    1985).  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference,

10   the prisoner must show that the delay caused "significant harm and that Defendants should have

11   known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

12   **C.  ADA Violation**

13         Title II of the Americans with Disabilities Act ("ADA") "prohibit[s] discrimination on the

14   basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  The ADA applies

15   to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208

16   (1998).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

17   qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

18   discriminated against with regard to a public entity's services, programs, or activities; and (3)

19   such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.

20   "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional

21   discrimination on the part of the defendant," and the standard for intentional discrimination is

22   deliberate indifference.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

23       **IV.    Undisputed Material Facts[2]**

24         Plaintiff was prescribed a magnifying device by a physician in November 2015, but the

25

26   [2] The court deems defendant's facts undisputed if plaintiff did not submit any evidence in
     opposition thereto.  It is the opposing party's obligation to produce a factual predicate that
27   supports a reasonable inference that can be drawn from the facts before the court on summary
     judgment.  See Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985),
28   aff'd 810 F.2d 898, 902 (9th Cir. 1987).

1    prescription did not specify the strength of the device.  Defendant's Statement of Undisputed

2    Facts ("DSUF") at No. 3.

3           In 2019, defendant Inniss-Burton was employed by the California Department of

4    Corrections and Rehabilitation as a Registered Nurse at CMF.  DSUF at No. 2.  At that time, she

5    was assigned to work in the Outpatient Housing Unit known as G3 and provided regular care to

6    plaintiff.  ECF No. 50-6 at 2, ¶ 4 (Defendant's Declaration).

7           On January 2, 2019, plaintiff approached Senior Registered Nurse (SRN) II Gonzales for

8    assistance in replacing a broken 7x magnifier.  DSUF at No. 4.  Nurse Gonzales reviewed

9    plaintiff's medical records and determined that he was prescribed a magnifier, but the specific

10   strength of the prescribed magnifier was not identified.  DSUF at No. 4.  Nurse Gonzales then

11   checked CMF's medical supply inventory and located a similar 7x magnifier to replace plaintiff's

12   broken 7x magnifier.  Id.  Plaintiff's durable medical equipment list was subsequently updated to

13   reflect plaintiff's possession of this new 7x magnifying device.  Id.

14          On February 20, 2019, plaintiff's primary care physician, Dr. Rading, prescribed him a

15   lighted 5x magnifying device based on his opthalmologist's recommendation.  DSUF at No. 7.

16   This device had to be special ordered from an off-site provider.  Id.  Dr. Rading was unable to

17   locate any medical records indicating that plaintiff had ever been prescribed a 7x magnifier.

18   DSUF at No. 8.

19          Plaintiff received the 5x magnifier that was prescribed by Dr. Rading from Licensed

20   Vocational Nurse Furnace on May 28, 2019.  DSUF at No. 9.  On the same day, Nurse Furnace

21   updated plaintiff's durable medical equipment list to reflect his receipt of the 5x magnifier.

22   DSUF at No. 10.  The 7x magnifier was removed from plaintiff's DME supply list by Nurse

23   Furnace.  DSUF at No. 10.

24          On September 20, 2019, defendant was approached by an inmate who asked her to assist

25   plaintiff in replacing his broken 7x magnifier.  DSUF at No. 11.  The magnifier had a broken

26   piece taped to the front of it.  DSUF at No. 11.  CMF Operation Plan No. 81(P)(2) requires staff

27   to determine whether damaged durable medical equipment should be repaired or replaced.  DSUF

28   at No. 13.  As a result, defendant conducted an investigation into the magnifier by consulting with

7

1    Dr. Rading, Nurse Furnace, and Nurse Gonzales. Id. This investigation confirmed that plaintiff

2    had last been issued a 5x magnifying device as part of his durable medical equipment by Nurse

3    Furnace on May 28, 2019. DSUF at No. 12. The CDCR Operations Manual Section 54030.10.11

4    requires that any property that is no longer functioning as designed or has been modified or

5    tampered with is considered contraband that can be confiscated. DSUF at No. 14. Plaintiff

6    admitted knowing that inmate property may be confiscated if it is defective, broken, or has been

7    tampered with. DSUF at No. 15. Defendant then explained to plaintiff that she could not replace

8    the broken 7x magnifier because the 5x magnifier that he was last dispensed was the only durable

9    medical equipment that was currently prescribed to him. DSUF at No. 17.

10        As a nurse, defendant did not have the authority to order or issue an inmate any durable

11    medical equipment unless it had been prescribed by a doctor and ordered. ECF No. 50-6 at 2, ¶ 8

12    (Defendant's Declaration); DSUF at No. 16. For that reason, she could not replace plaintiff's

13    broken 7x magnifier with another 7x magnifier because it had not been prescribed. ECF No. 50-6

14    at 2, ¶ 8.

15        During his deposition, plaintiff testified that he is not asserting that defendant took his

16    magnifier due to a CDCR policy or custom that violates the ADA, but rather "[b]ecause of

17    [defendant's] actions personally. DSUF at No. 19.

18        **V.    Analysis**

19        The undersigned finds that defendant has met her initial burden of informing the court of

20    the basis for the motion, and identifying those portions of the record which she believes

21    demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to

22    plaintiff to establish the existence of a genuine issue of material fact with respect to his two

23    claims for relief. See Matsushita Elec. Indus., 475 U.S. at 586 (1986). The court has reviewed

24    plaintiff's verified amended complaint and his opposition to the pending motion. Drawing all

25    reasonable inferences in plaintiff's favor, the court finds that plaintiff has not submitted sufficient

26    evidence to create a genuine issue of material fact with respect to his claim that defendant

27    responded to his vision impairment with deliberate indifference or violated the ADA. See

28    Farmer, 511 U.S. at 834; Estelle, 429 U.S. at 106; Duvall, 260 F.3d at 1138.

1    In this case, there is no dispute that plaintiff has a serious medical need based on his

2    vision impairment.  Therefore, the only issue is whether defendant's confiscation of his 7x

3    magnifier constituted deliberate indifference to this medical need.  See Farmer, 511 U.S. at 837.

4    The only factual dispute between the parties is whether plaintiff possessed the 5x magnifier at the

5    time when defendant confiscated the broken 7x magnifier.  Defendant submitted evidence that

6    plaintiff received a prescribed 5x magnifier in May 2019, which plaintiff does not dispute.

7    Although his sworn amended complaint and deposition indicate that he did not have this 5x

8    magnifier in his possession when his 7x magnifier was confiscated, plaintiff does not explain

9    what happened to the 5x magnifier between May 28, 2019 and September 20, 2019.  In this light,

10   plaintiff's sworn statements are not enough for a rational juror to ignore the remaining undisputed

11   evidence in this case.  See Scott v. Harris, 550 U.S. 372, 380 (2007) (emphasizing that "[w]hen

12   opposing parties tell two different stories, one of which is blatantly contradicted by the record, so

13   that no reasonable jury could believe it, a court should not adopt that version of the facts for

14   purposes of ruling on a motion for summary judgment.").  Plaintiff's deliberate indifference claim

15   is contradicted by his own medical records and the record taken as a whole.  Therefore, defendant

16   is entitled to summary judgment on the Eighth Amendment claim.

17       With respect to plaintiff's ADA claim, there is no dispute that plaintiff is disabled based

18   on his vision impairment.  Thus, this claim boils down to whether plaintiff was intentionally

19   excluded from participation in any CDCR program or activity by reason of this disability.  See

20   Lovell, 303 F.3d at 1052; Duvall, 260 F.3d at 1138 (concluding that deliberate indifference is the

21   appropriate standard for proving intentional discrimination under the ADA).  Plaintiff does not

22   present any evidence that defendant knew that his exclusion from any prison program was

23   substantially likely when she confiscated his 7x magnifier.  At the time that defendant confiscated

24   it, she had already completed her investigation and determined that plaintiff was prescribed and

25   still possessed a 5x magnifier.  A rational juror would not be able to find intentional

26   discrimination on the basis of this record.  Therefore, defendant is entitled to summary judgment

27   on plaintiff's ADA claim.

28       For all these reasons, the undersigned recommends granting defendant's motion for

9

1    summary judgment.[3]

2    **VI.    Plaintiff's Motion for the Appointment of Counsel**

3    Plaintiff requests the appointment of pro bono counsel based on his multiple disabilities

4    including his vision impairment.  ECF No. 59.  District courts lack authority to require counsel to

5    represent indigent prisoners in section 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S.

6    296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily

7    represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017

8    (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds

9    that the appointment of counsel is not required at this time as the undersigned is recommending

10   that summary judgment be granted for defendant and this case not proceed to trial.  In light of this

11   procedural posture, the court denies plaintiff's motion for counsel without prejudice.

12   **VII.    Plain Language Summary for Pro Se Party**

13   Because you are acting as your own attorney in this case, the court wants to make sure

14   that you understand this order.  The following information is meant to explain this order in plain

15   English and is not intended as legal advice.

16   The court has reviewed the pending motion for summary judgment, as well as the

17   evidence submitted by the parties, and has concluded that the facts of this case are not sufficiently

18   in dispute to warrant a trial and can be resolved on the papers.  This means that your case will end

19   without the need for a trial.

20   You have fourteen days to explain why this is not the correct outcome in your case.  Label

21   your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The

22   district court judge assigned to your case will review any objections that are filed and will make a

23   final decision on the motion for summary judgment.

24   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion for the

25   appointment of counsel (ECF No. 59) is denied without prejudice.

26   /////

27   _____

28   [3] In the interests of judicial economy, the court finds it unnecessary to determine whether
     defendant is also entitled to summary judgment on the basis of qualified immunity.

10

1    IT IS FURTHER RECOMMENDED that:

2        1.  Defendant's motion for summary judgment (ECF No. 50) be granted.

3        2.  The Clerk of Court be directed to close this case.

4        These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9    objections shall be served and filed within fourteen days after service of the objections.  The

10   parties are advised that failure to file objections within the specified time may waive the right to

11   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   Dated:  July 29, 2024

13                                          _____
                                           CAROLYN K. DELANEY
14                                         UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20   12/shan2192.msj.CJRA

21

22

23

24

25

26

27

28

                                           11